# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-675V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| GENA BINKLEY KOTCH, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: May 20, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Robert J.* Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On May 7, 2019, Gena Binkley Kotch filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered Guillain-Barré syndrome or peripheral neuropathy as a result of an influenza vaccine she received on January 27, 2018. Petition (ECF No. 1) at 1. The matter was originally set for a two-day Entitlement Hearing to take place on December 9, 2024, but the parties were able to successfully settle the case before then, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Feb. 27, 2025 (ECF No. 112).

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner previously filed a motion for interim attorney's fees and costs, but has since filed this present motion, and requests that it be combined with the pending fees request. *See* Motion, dated Dec. 19, 2023 (ECF No. 75) ("Interim Fees Mot."); Motion, dated Apr. 12, 2025 (ECF No. 117) ("Final Fees Mot."). In total, Petitioner requests $333,966.44 in attorney's fees and costs (reflecting $280,092.31 in fees, plus $53,874.13 in costs) for the work of attorneys and staff at the Law Office of Robert J. Krakow, P.C. Final Fees Mot. at 13, 42. Respondent reacted to the present fees request on April 28, 2025. *See* Response, dated Apr. 28, 2025 (ECF No. 128). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated May 2, 2025 (ECF No. 122).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$332,960.24**.

**I.      Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|
| **Robert J. Krakow (Attorney)** | $450.00 | $464.00 | $484.00 | $509.00 | $525.00 | $553.00 | $584.00 | $627.00 |
| **Elan Gerstmann (Attorney)** | -- | -- | -- | -- | $497.00 | $520.00 | $545.00 | -- |
| **Paralegal** | $150.00 | $156.00 | $163.00 | $172.00 | $177.00 | $186.00 | $197.00 | $212.00 |

ECF No. 118-1 at 2–130.

Messrs. Krakow and Gerstmann practice in New York, NY—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *Kong v. Sec'y of Health & Hum. Servs.*, No. 14-145V, 2017 WL 2927304, at *1 (Fed. Cl. Spec. Mstr. June 6, 2017). The rates requested for Mr. Gerstmann (including for the paralegal) are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] I thus find no cause to reduce them in this instance. Mr. Krakow, however, was previously awarded the lesser rate of $584.00 per hour for time billed in 2025. *See I.J. v. Sec'y of Health & Hum. Servs.*, No. 16-864V, 2025 WL 1143585, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2025). Thus, Mr. Krakow's requested rate reflects an increase of $43.00. As I have previously stated, however, "it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances." *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce Mr. Krakow's rate for time billed in 2025, to $584.00 per hour, as consistent with what has previously been awarded. This rate results in a reduction of attorney's fees to be awarded of **$1,006.20**.[4]

I do express some hesitance at embracing the full amount of time devoted to this matter as reasonably incurred. Counsel will be receiving a fees award approximately *three times* what Petitioner agreed was acceptable for settlement of the claim. I cannot help but sense that more time was devoted to this matter than was necessary. At the same, however, I acknowledge that the claim was reasonably disputed, and had been set for trial before the parties opted to settle the case. I therefore overall deem the time spent on the matter to be sufficiently reasonable to justify a full fees award (although counsel should take care in future cases to act more expeditiously in seeking their resolution, and avoid allowing matters to spiral out in time without also taking into account the impact that can have on the magnitude of incurred fees).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited May 20, 2025).

[4] This amount consists of ($627.00 - $584.00 = $43.00 x 23.4 hrs.) = $1,006.20.

3

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $53,874.13 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of three experts—Justin Willer, M.D., Andrew Gluck, Ph.D., and Eric Gershwin, M.D. ECF No. 118-1 at 131–34. Dr. Willer prepared one expert report and multiple invoices reflecting a total of $10,477.50 (billing at an hourly rate of $550.00 for 19.05 hours worked and having received a retainer fee of $3,475.00). Final Fees Mot. at 35; ECF No. 117-6 at 1–9. Dr. Gluck reviewed Petitioner's case and provided a written analysis and report regarding her lost earnings. He submitted a single invoice reflecting a total of $2,700.00 (including an initial retainer fee of $2,400.00 and $300.00 for revisions and updates to his report). Final Fees Mot. at 40; ECF No. 117-7 at 1–4. Finally, Dr. Gershwin prepared three expert reports and submitted six invoices reflecting a total of $38,375.00 (billing at an hourly rate of $500.00 for 77.75 hours of work and having received a retainer fee of $5,000.00). Final Fees Mot. at 33; ECF No. 117-5 at 1–6. These expert costs were reasonably incurred, especially since it had been expected that the matter would go to trial.

The other litigation-associated costs are typical in the Vaccine Program and are thus eligible for reimbursement. They shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$332,960.24**, reflecting $279,086.11 in attorney's fees and $53,874.13 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.